FILED
CLERK, U.S. DISTRICT COURT

Aug 5, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ PMC \_\_ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCRON BUDLONG, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ENEDINO PONCE GONZALEZ, et al.,<br><br>    Defendants. | Case No. CV 16-05662-SVW (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*** |

I.

FACTUAL BACKGROUND

On May 24, 2016, Plaintiff Marcron Budlong, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Enedino Ponce Gonzalez and Does 1 to 10 (collectively, "Defendants"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1.) Plaintiff alleges that it is the lessor of the real property located in Los Angeles, California ("the property"). (Compl., ¶¶ 3-4.) Plaintiff further alleges that Defendants have failed to pay rent due and owing for the property. (*See id.*, ¶ 8.)

On July 29, 2016, Defendant Enedino Ponce Gonzalez (hereinafter, "Gonzalez") filed a Notice of Removal, invoking the Court's federal question jurisdiction. (Removal at pp. 2, 6.) In addition, Gonzalez filed an application for *in*

*forma pauperis* status. (Dkt. No. 3.) However, after reviewing the Notice of Removal and the accompanying documents, the Court determines that it lacks subject matter jurisdiction over this matter.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

After reviewing the Notice of Removal and the accompanying documents, it is clear that this Court lacks federal question jurisdiction over this matter. Gonzalez claims that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because his defenses to the unlawful detainer "depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Removal at p. 2, ¶ 10.) However, defenses and counterclaims do not give rise to federal question jurisdiction. "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.")

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. From the face of the Complaint, the only claim raised is an unlawful detainer, which is a

California state law action. (Compl. at ¶ 5-7.) No federal question is presented. *See, e.g., Nguyen v. Hutchis*, 2013 WL 4500574, *2 (C.D. Cal. Aug. 21, 2013); *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction.").

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant Enedino Ponce Gonzalez's Application to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: August 5, 2016

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE